Case 5:24-cv-00114   Document 76   Filed 01/14/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 5:24-CV-114 |
| | § | |
| TRANSWOOD CARRIERS, INC., EP ENERGY E&P COMPANY, LP, n/k/a EP ENERGY E&P COMPANY, LLC, FTS INTERNATIONAL, INC., FTS INTERNATIONAL SERVICES, LLC, and J&R VALLEY OILFIELD SERVICES, INC.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

Before the Court is the parties' Agreed Stipulation of Dismissal Between Plaintiff Arch Insurance Company and Defendants Transwood Carriers, Inc. and Gemini Insurance Company Only, (Dkt. No. 74), and Agreed Stipulation of Dismissal as to Defendant EP Energy E&P Company, LP N/K/A Verdun Oil EF II, LLC Only, (Dkt. No. 75). The joint stipulations provide that all parties stipulate to the dismissal of all remaining claims in this case, with prejudice. (Dkt. Nos. 74, 75).

Plaintiff brought claims against Transwood Carriers, Inc.; EP Energy E&P Company, LLC; Gemini Insurance Company; FTS International, Inc.; FTS International Services, LLC; and J&R Valley Oilfield Services, Inc. (*See* Dkt. No. 53 at 2–3). Gemini also brought a crossclaim against Transwood and counterclaims against Plaintiff. (Dkt. No. 61).

On September 24, 2024, Plaintiff and Defendant J&R Valley Oilfield Services stipulated to dismiss Plaintiff's claims against J&R Valley Oilfield Services without prejudice. (Dkt. Nos. 24, 27). On October 4, 2024, Plaintiff and Defendants FTS International and FTS International Services stipulated to dismiss Plaintiff's claims against FTS International and FTS International Services without prejudice. (Dkt. Nos. 29, 30). The remaining defendants in the case were Transwood, EP, and Gemini. On January 9, 2026, Plaintiff and the remaining defendants filed joint stipulations of

dismissal for all claims, including Gemini's crossclaim and counterclaims. (Dkt. Nos. 74, 75).

Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id.* Here, the joint stipulations state that all remaining parties stipulate to the dismissal of all remaining claims, with prejudice. (Dkt. No. 74 at 1; Dkt. No. 75 at 1).

Because the stipulations are signed by counsel for all remaining parties who have appeared in this case, Plaintiff's claims against Transwood, EP, and Gemini and Gemini's claims against Plaintiff and Transwood, were **DISMISSED WITH PREJUDICE** effective upon the filing of the Stipulations of Dismissal. (Dkt. Nos. 74, 75). *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 128 F.4th 724, 727 (5th Cir. 2025) (citation modified) (explaining that a stipulated dismissal under Rule 41(a)(1)(A)(ii) is "'effective immediately' and renders subsequent action by the district court 'superfluous' with 'no force or effect'").

Following the parties' stipulated dismissals, (Dkt. Nos. 24, 29, 74, 75), no live claims remain in this case.

The Clerk of the Court is hereby **DIRECTED** to **TERMINATE** this case.

It is so **ORDERED**.

**SIGNED** on January 14, 2026.

John A. Kazen
United States District Judge